IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL P.,

                Claimant,

      v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

                Respondent.

Case No. 3:24-cv-50238

Magistrate Judge Karyn L. Bass Ehler

**MEMORANDUM OPINION AND ORDER**

Daniel P.[1] ("Claimant") appeals the decision of the Commissioner of Social Security[2] ("Commissioner") denying his application for supplemental security income. Claimant filed a Memorandum in Support of Summary Judgment [15], and the Commissioner filed a Motion for Summary Judgment [21]. For the reasons set forth below, the Court denies Claimant's Memorandum in Support of Summary Judgment [15] and grants the Commissioner's Motion for Summary Judgment [21], affirming the Commissioner's decision.[3]

**BACKGROUND**

Claimant applied for supplemental security income on March 4, 2022, alleging a disability onset date beginning in January 1, 2020. (R.25). His application was denied initially and on reconsideration after which Claimant requested a hearing before an administrative law judge

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

[3] The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). *See* [14].

1

("ALJ"). *Id.* At that hearing, Claimant amended his disability onset date to March 4, 2022. *Id.* After the hearing, the ALJ issued his decision on January 3, 2024, denying Claimant's application for supplemental security income and concluding he was not disabled under Section 1614(a)(3)(A) the Social Security Act. (R.25-36). The Appeals Council denied Claimant's request for review (R.1-6), leaving the ALJ's decision as the final decision of the Commissioner, which is reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## DISCUSSION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining if a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must determine whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see also Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since March 4, 2022, the date he filed his application for supplemental income. (R.27). At step two, the ALJ found that Claimant has the following severe

2

impairments: post-traumatic stress disorder, panic disorder without agoraphobia, generalized anxiety disorder, borderline personality disorder, and depression. (R.26). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment. (R.28). At step four, the ALJ determined that Claimant had the RFC to perform light work with certain limitations as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant can understand, remember, and carry out simple routine one to two step instructions and use judgment limited to simple work-related decisions. He is able to tolerate occasional interaction with supervisors and coworkers, but is not able to perform tandem or coordinated with coworkers. He is able to tolerate brief and superficial interaction with the general public.

(R.27). The ALJ then found that Claimant did not have any past relevant work (R.34), but based on the RFC assessment and the vocational expert's testimony, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Claimant could perform (R.35). The ALJ ultimately concluded that Claimant was not disabled under Section 1614(a)(3)(A) of the Social Security Act based on the application he filed on March 4, 2022 for supplemental security income. (R.36).

The district court reviews the ALJ's decision deferentially and must affirm that decision if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Seventh Circuit has concluded that an ALJ's decision is "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Though the standard of review is deferential,

3

the court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *See Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even if there is adequate evidence in the record to support an ALJ's decision, that decision cannot be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008); *see also Warnell*, 97 F.4th at 1053.

Claimant asserts three arguments challenging the ALJ's decision: (1) the ALJ did not properly evaluate Listing 12.08; (2) the ALJ improperly rejected the opinion of Claimant's treating psychiatrist; and (3) the ALJ's credibility analysis is flawed. Claimant's Brief [15], at 4-10. The Court addresses each argument below.

### A.  The ALJ's Listing Evaluation Is Supported By Substantial Evidence

Claimant first challenges the ALJ's listing evaluation at Step 3. Claimant's Brief [15], at 4-8. At Step 3, an ALJ considers whether a claimant meets or equals an impairment found in one of the listings. *See Wilder v. Kijakazi*, 22 F.4th 644, 651 (7th Cir. 2022). The listings contain impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Id*. (citing 20 C.F.R. § 404.1525(a)). A claimant who satisfies the criteria of a listing is presumed to be disabled. *Id*. To meet a listing is a "very high bar." *Garza v. Kijakazi*, 2022 WL 378663, at *2 (7th Cir. Feb. 8, 2022). And it is the claimant's burden to establish that he meets a listing. *See Richardson v. Kijakazi*, 2023 WL 4103000, at *2 (7th Cir. June 21, 2023). If an ALJ "believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding." *Wilder*, 22 F.4th at 653 (quoting Social Security Ruling 17-2p, 2017 WL 3928306, at *4 (S.S.A. Mar. 27, 2017)).

Claimant argues that the ALJ's evaluation of Listing 12.08 is flawed, and he contends that the ALJ exhibited a misunderstanding of mental illness and cherry-picked the record. Claimant's Brief [15], at 4-8. To satisfy the criteria of Listing 12.08, which addresses personality and impulse control disorders, Claimant needed to show that he had two marked limitations or one extreme limitation in the four broad areas of mental functioning known as the paragraph B criteria, which include: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.08. Claimant argues that the ALJ failed to confront the evidence in the record that shows he met the criteria for Listing 12.08 and instead improperly focused on Claimant's mental status examinations as the basis to conclude he did not meet the listing criteria. Claimant's Brief [15], at 4-5. Claimant suggests that the ALJ "exhibited a misunderstanding of mental illness" because she only focused on his mental status exams, which Claimant contends do not provide the entire picture of the severity of his mental health. *Id.* at 7. The Court disagrees with Claimant's arguments.

Relying on the record as a whole and the opinions of the State agency consultants, the ALJ concluded that Claimant had mild limitations understanding, remembering and applying information and adapting or managing oneself, and moderate limitations interacting with others and concentrating, persisting or maintaining pace. (R.29-30, 34). Specifically with respect to Claimant's ability to understand, remember, or apply information, the ALJ assessed mild limitations, finding that there is no evidence in the record that Claimant is incapable of understanding terms, instructions, or procedures or following one to two step instructions or that he is not able to recognize a mistake and correct it or to identify and solve a problem. (R.29). The ALJ further explained that Claimant was capable of asking and answering questions and he

5

provided adequate explanations during the hearing. (R.29). The ALJ also noted that the record evidence shows that Claimant consistently exhibited memory, judgment, and insight during his mental status examinations. (R.29).

As to interacting with others, the ALJ determined that Claimant had a moderate limitation. (R.29). The ALJ found that Claimant "can communicate clearly, demonstrate cooperative behaviors, and initiate and sustain at least some social contacts." (R.29). Although Claimant testified that he tends to isolate from others, which the ALJ acknowledged, Claimant also reported using public transportation, shopping in public, and cohabitating with his fiancé and two roommates. (R.29). Nevertheless, the ALJ also acknowledged that Claimant could struggle with customer service or criticism from a supervisor and provided some accommodations in the RFC. (R.29). Next, the ALJ assessed a moderate limitation in concentrating, persisting, or maintaining pace, noting that Claimant had enough attention to perform household chores (e.g., cleaning, doing laundry, feeding the cat) and spent up to three hours a day playing video games and doing word processing. (R.29). The ALJ acknowledged that Claimant might have some difficulty multitasking but also observed that he did not have any issues staying on point during his administrative hearing. (R.29). Finally, the ALJ determined that Claimant had a mild limitation in adapting or managing oneself, noting that Claimant did not require any in-patient psychiatric treatment during the relevant period and that his treating psychiatrist consistently observed appropriate grooming and attire. (R.30). In addition, Claimant reported preparing meals for himself and having no issues with personal hygiene. (R.30)

Claimant disagrees with the ALJ's assessment and broadly and generally asserts that he met the criteria of Listing 12.08. Claimant argues that his mental status examinations should not be considered when discussing personality disorders, but the Court notes that he does not cite any

case law or regulations to support that argument. Claimant's Brief [15], at 6-7. To demonstrate that an ALJ's listing evaluation is not supported by substantial evidence, a claimant "must identify record evidence that was misstated or ignored, and that could support a finding that claimant met or equaled the criteria." *Robert S. v. Kijakazi*, 2021 WL 5979361, at *6 (S.D. Ind. Dec. 16, 2021) (citing *Sims v. Barnhart*, 309 F.3d 424, 429-30 (7th Cir. 2002)).

In the Court's view, Claimant fails to identify any record evidence that the ALJ misstated or ignored and instead challenges how the ALJ weighed the evidence. The law, however, is clear that a court cannot reweigh the evidence or substitute its own judgment for that of the ALJ; the court is limited to considering whether substantial evidence supported the ALJ's conclusion. *See McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011); *Elder v. Astrue*, 529 F.3d 408, 413(7th Cir. 2008). And it is important to focus on what substantial evidence means, and the Seventh Circuit has found it to mean "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Here, the ALJ found the opinions of the State agency consultants to be persuasive and stated:

> The opinions of the State agency psychological reviewers Donna Galassi-Hudspeth, Psy.D. and Margaret DiFonso, Psy.D. are persuasive (Exhibit 1A, 3A). They found the claimant to have mild limitations in abilities to understand and remember information, moderate limitations in abilities to interact with others, moderate limitations in abilities to concentrate and persist, and mild limitations in adaptation. They opined that the claimant could understand and remember simple and routine work tasks, that he could exercise judgment for simple and routine work tasks, and that he could work in settings with low social contact/limited interpersonal contact. These opinions are consistent with each other. They are supported by the medical evidence of record as a whole which shows generally benign mental status exam findings and that the claimant's conditions stabilized with medications (Exhibit 23F, 16F). They are the product of a detailed review of the record by specialists familiar with agency policy and procedure.

(R.34). The ALJ's evaluation of the paragraph B criteria is consistent with the opinions of the State agency consultants, which constitutes substantial evidence supporting the ALJ's decision. *See Filus v. Astrue*, 694 F.3d 863, 867 (7th Cir. 2012). On this record, the Court concludes the ALJ provided a more than adequate explanation for her conclusion that Claimat did not meet the criteria for Listing 12.08. Therefore, remand is not required on this basis.

### B. The ALJ's Evaluation of the Medical Opinion Evidence Is Supported By Substantial Evidence

Claimant next argues that the ALJ improperly evaluated and rejected the medical opinion of his treating psychiatrist, Joshua Ackerman, M.D. Claimant's Brief [15], at 9-10. The regulations require ALJs to consider a number of factors when evaluating medical opinions, the most important of which are supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2), (c). The regulations additionally require an ALJ to explain how he or she evaluated the medical opinion evidence and whether or not the opinions are persuasive and why. *See* 20 C.F.R. § 404.1520c(a) and (b)(1).

Here, the ALJ found that Dr. Ackerman's opinion was not persuasive and provided the following explanation:

> The opinion of the claimant's psychiatrist Joshua Ackerman, M.D. is also considered (Exhibit 27F). Dr. Ackerman conducted a psychological evaluation in February 2023 and saw the claimant for follow up care every 4-6 weeks with his most recent session occurring in October 2023. He diagnosed the claimant with PTSD, personality disorder, major depressive disorder, and generalized anxiety disorder. He noted that the claimant was limited to seriously limited in all functional domains and opined that the claimant had mild to moderate limitations in abilities to understand and remember information, marked limitations in abilities to interact with others, moderate to marked limitations in abilities to concentrate and persist, and marked limitations in adaptation. He went on to note that the claimant would miss more than 4 days of work a month due to his conditions. These opinions are not persuasive. Dr. Ackerman treated the claimant on a limited short-term basis and his opinions are not supported by his own treatment notes and exam findings which show the claimant to have generally benign mental status examinations (Exhibit 16F, 23F). Dr. Ackerman did not refer the claimant to a higher level of care as would be expected for an individual with marked limitations as described.

(R.34). Claimant argues that "the ALJ did not provide a logical bridge to her decision to reject Dr. Ackerman's opinion" and fails to evaluate the opinion in the context of the entire record. Claimant's Brief [15], at 10. The Court disagrees with Claimant's argument.

As an initial matter, the Court notes that Claimant does not squarely address the ALJ's reasons for discounting by Dr. Ackerman's opinion and essentially asks the Court to weigh the opinion evidence differently than the ALJ did. However, that is something the Court cannot do. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) ("We will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it."). The ALJ need only "minimally articulate his reasons for crediting or rejecting" a medical opinion. *Clifford v. Apfel*, 227 F.3d 836, 870 (7th Cir. 2000). Claimant suggests that the ALJ should have considered evidence from 2015 when he received mental health treatment, but he does not explain why that evidence, which occurred over seven years prior to the alleged onset of his disability, would be relevant to the ALJ's assessment of Claimant's alleged disability beginning in March 2022.

The relevant question for this Court is not whether the ALJ's assessment is correct but whether it is reasonable. *See Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) ("An ALJ's job is to weigh conflicting evidence, and the [side that loses] in such a process is bound to believe that the finder of fact should have been more favorable to his cause."). Based on a review of the record, the Court finds that the ALJ reasonably assessed the supportability and consistency of Dr. Ackerman's opinion consistent with the regulations, and Claimant has failed to meet his burden of demonstrating that the ALJ's analysis is unsupported. To the contrary, the Court finds that there is more than enough evidence in the record to support the ALJ's decision, and the Court cannot, and will not, second guess the ALJ's assessment.

For all these reasons, Court finds that the ALJ provided the requisite logical bridge explaining why she was not persuaded by Dr. Ackerman's opinion and that explanation is supported by the record evidence. The ALJ's decision, therefore, must be affirmed.

### C. The ALJ's Evaluation of Claimant's Symptoms Is Supported By Substantial Evidence

Finally, Claimant argues that the ALJ's credibility analysis was flawed. Claimant's Brief [15], at 8-9. Claimant says that he is not able to work on a full-time basis because he has not been able to sustain work in the past and he has difficulty interacting with others. *Id.* The Court again disagrees with Claimant's arguments.

An ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but he must build a logical bridge from the record evidence to his conclusion and set forth "specific reasons" for discounting subjective reports of symptoms. *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009) (citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009)). Here, when evaluating Claimant's symptoms, the ALJ stated:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because treatment for the claimant's allegedly debilitating conditions has been sparse. What treatment the claimant has received has been conservative and routine with few if any recommendations for [intense] in home services, inpatient care, or other more aggressive treatment options that would be expected for limitations of the degree alleged. Following his release from jail the claimant struggled to obtain proper medications and reported increased situational stressors including homelessness with resulting increased anxiety and depression (Exabit 7F, 6F). He regularly sought emergent care for medication refills with exams showing that he was not in crisis and had normal mental status exam findings (Exhibit 17F, 6F, 14F, 15F). However, once he began treatment and medications, he experienced symptom stability and control (Exhibit 23F, 16F). Mental status exams have shown few abnormalities with the claimant exhibiting intact memory and good judgment and insight, an appropriate appearance with good eye contact and speech, and full orientation (Exhibit 23F, 16F). Notes indicate that the claimant does well when compliant with medications with the claimant noting at his most recent session in September 2023 that his anxiety had improved, that he had no psychiatric complaints and that his medications could be decreased (Exhibit 23F).

10

(R.33). As quoted above, the ALJ provided various reasons inlcuding, Claimant's limited and consertative treatment, improvement with medication, and normal mental status examinations among other reasons, why she found that his statements were inconsistent with the record. *Id.*

The law is clear that "[a]s long as an ALJ gives specific reasons supported by the record, we will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022) (citing *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021)). Overall, the ALJ discussed and analyzed Claimant's alleged symptoms at length throughout her opinion in conjunction with her evaluation of the medical evidence. (R.30-34). The Court finds the ALJ reasonably determined that Claimant's alleged symptoms were not fully corroborated by the record and that is a reasonable conclusion for the ALJ to draw on this record. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."). And even if this Court would have evaluated some of the evidence differently, the Court is not permitted to second guess the ALJ's conclusions or reweigh the evidence. *See Grotts*, 27 F. 4th at 1279 ("When [the plaintiff] criticizes the ALJ's analysis of her daily functioning, her good and bad days, and her pain, she is ... inviting us to reweigh the evidence.").

The Court also notes that despite some inconsistencies in the record the ALJ did credit some of Claimant's complaints as follows:

> [I]n recognition of his conditions, the undersigned has included notations in the residual functioning capacity that the claimant can understand, remember, and carry out simple routine one to two step instructions and use judgment limited to simple work related decisions. In recognition of his reports of irri[tability] and tendency to isolate from others, notations [th]at the claimant can tolerate occasional interaction with supervisors and coworkers but is not able to perform tandem or coordinated with coworkers and that he is able to tolerate brief and superficial interaction with the general public.

11

(R.33). The Court's review of the record and the ALJ's opnion demonstrates that the ALJ reasonably considered Claimant's subjective statements about the intensity, persistence, and limiting effects of his symptoms and provided specfic reasons, which are supported by the record, for discounting some of his statements. *See Elder*, 529 F.3d at 413-14 ("It is only when the ALJ's determination lacks any explanation or support that we will declare it to be "'patently wrong.'"") (quoting *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003)). Because the ALJ minimally articulated her reasoning to not credit all of Claimant's complaints and subjective symptoms but still accounted for some of Claimant's limitations, the Court finds there is enough evidence in the record that supports her determination that Claimant's alleged symptoms were not as limiting as he claimed.

For these reasons, the Court finds that the ALJ's subjective symptom analysis was not patently wrong, and therefore, remand is not warranted on this basis.

## CONCLUSION

For the reasons set forth in the Court's Memorandum Opinions and Order, Claimant's Memorandum in Support of Summary Judgment [15] is denied, and the Commissioner's Motion for Summary Judgment [21] is granted. The Commissioner's decision is affirmed, and this case is closed.

It is so ordered.

_____
Karyn L. Bass Ehler
United States Magistrate Judge


Dated: July 14, 2026

12